AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

**FILED**
November 24, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____VAR_____
DEPUTY

United States of America
v.

Cody Daniel Bond

Defendant(s)

Case No. 1:25-MJ-01113-ML

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of November 4, 2025, in the county of Travis in the Western District of Texas, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2250 | Failure to Register as a Sex Offender |

This criminal complaint is based on these facts:

See attached affidavit.

☒ Continued on the attached sheet.

_____
Complainant's signature

Charles McWhinney, Deputy U.S. Marshal
Printed name and title

☐ Sworn to before me and signed in my presence.
☒ Sworn to telephonically and signed electronically.

Date: 11/24/2025

_____
Judge's signature

City and state: Austin, Texas

Mark Lane, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Charles McWhinney, being duly sworn, depose, and state:

### Introduction

1. I am a Criminal Investigator/Deputy United States Marshal (DUSM) and have been so employed for approximately three years. I am currently assigned to the Western District of Texas, Austin office. As part of my responsibilities, I am authorized to enforce the laws of the United States of America, including but not limited to, investigations to locate and apprehend Federal, State, and local fugitives, as well as conduct sex offender compliance investigations. My training includes the United States Marshals Service (USMS) Academy at the Federal Law Enforcement Training Center for Criminal Investigators, which is approximately 18 weeks long.

2. Prior to being a DUSM, I was employed by the Houston Police Department for four years. I was assigned to the Southeast Crime Suppression Team where I investigated violent crimes involving gangs, firearms, and narcotics. I was a certified Texas Peace Officer for approximately ten years total working in various roles including as general crimes detective, SWAT officer, patrol supervisor, mental health officer, and gang officer. My educational background includes obtaining a B.S. in Sociology from Texas A&M University in 2011.

3. As a DUSM, one of my responsibilities is to investigate crimes involving individuals that are convicted sex offenders who have failed to register as required by Title 18, United States Code, Section 2250, also known as the Adam Walsh Child Protection and Safety Act of 2006.

4. This Affidavit is made for the limited purpose of establishing probable cause in support of a Criminal Complaint alleging that Cody Daniel Bond (BOND) committed the offense of failure to register as a sex offender in violation of 18 U.S.C. § 2250. Since this Affidavit is for

the limited purpose of establishing probable cause to support the Criminal Complaint, it contains only a summary of relevant facts. I have not included each and every fact known to me concerning the entities, individuals, and the events described in this Affidavit.

5. The statements made in this Affidavit are based in part on: (a) my personal participation in this investigation, (b) information provided to me by other law enforcement officers, and (c) the training and experience of myself and other law enforcement agents and officers.

### Statutory Authority

6. This investigation concerns alleged violations of Title 18, United States Code, Section 2250, relating to the failure to register or update registration under the Sex Offender Registration and Notification Act (SORNA). Section 2250 states the following in pertinent part:

> Whoever –
> (1) is required to register under the Sex Offender Registration and Notification Act;
> * * *
> (2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice) . . . , or
>   (B) travels in interstate or foreign commerce . . . and
> (3) knowingly fails to register or update registration as required by the Sex Offender Registration and Notification Act.
> shall be fined under this title or imprisoned not more than 10 years, or both.

7. Section 113 of the Adam Walsh Act (which is now codified at 34 U.S.C. § 20913) defines who is required to register under the Act as follows:

> (a) IN GENERAL. – A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.
> * * *
> (c) KEEPING THE REGISTRATION CURRENT. – A sex offender shall, not later than 3 business days after each change of name, residence, employment or student

Page 2

status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry . . .

8. Section 111 of the Adam Walsh Act (which is now codified at 34 U.S.C. § 20911) defines "sex offender" as "an individual who was convicted of a sex crime."

9. The Act further defines "sex offense" and "criminal offense" (also codified at 34 U.S.C. § 20911) as follows:

> (5)(A) GENERALLY. – . . . the term "sex offense" means–
>  (i) a criminal offense that has an element involving a sexual act or sexual contact with another;
>  (ii) a criminal offense that is a specified offense against a minor;
>    \* \* \*
>  (iv) a military offense specified by the Secretary of Defense under section 115(a)(8)(C)(i) of Public Law 105-119 (10 U.S.C. 951 note)
>   . . . .
>    \* \* \*
> (6) CRIMINAL OFFENSE. – The term "criminal offense" means a State, local, tribal, foreign, or military offense (to the extent specified by the Secretary of Defense under section 115(a)(8)(C)(i) of Public Law 105-119 (10 U.S.C. 951 note)) or other criminal offense.

**Pertinent Facts**

10. On July 2, 2015, under Case No. ACM 38934, BOND was convicted of UCMJ Article 120, Aggravated Sexual Assault, by general court martial convened at Joint Base San Antonio-Lackland, Texas and sentenced to a reduction in grade to E-1, confinement for ten years, and a dishonorable discharge. As a result of this conviction, BOND was required to register as a sex offender for a lifetime term. BOND's offense of conviction has been specified by the Secretary of Defense as a registerable offense.

11. On June 8, 2023, BOND acknowledged to the U.S. Probation Office for the United States District Court, Middle District of Florida, his continuing duty to register his residential address with local law enforcement anytime he moved within or outside the State of Florida,

following the completion of his period of supervision. His supervision officially terminated on July 11, 2023. Thereafter, BOND traveled in interstate commerce, and on July 25, 2023, BOND signed a Sex Offender Registration Form with the Austin Police Department (APD), registering his residence as 12403 Mellow Meadow Drive, Apt. 1301, Austin, Texas. BOND also initialed his acknowledgement of his duty, under Article 62.055(a), (c), & (e) of the Texas Code of Criminal Procedure, to notify local law enforcement in person no later than seven days prior to abandoning or moving from the address of the previous registration.

12. On April 14, 2025, BOND appeared before Erik Gonzalez of the APD for a compliance visit and registered his address as 12403 Mellow Meadow Drive, Apt. 1301, Austin, Texas. BOND once again initialed his acknowledgement of his duty, under Article 62.055(a), (c), & (e), to notify local law enforcement in person no later than seven days prior to abandoning or moving from the address of the previous registration.

13. On October 29, 2025, members of the USMS and APD's Sex Offender Registration Unit conducted a joint operation to check sex offender compliance. Your Affiant and APD Det. Davis attempted to contact BOND at his registered address of 12403 Mellow Meadow Dr., Apt. 1301, Austin, Texas; however, no one responded at the door.

14. Your Affiant and Det. Davis spoke with an apartment manager (Erika Self) who advised that BOND was not listed as a resident and had not ever been listed as a resident for that unit. Ms. Self further advised that a Hispanic couple has lived in Apartment #1301 since September 2024. Ms. Self contacted, by phone, the current residents who only speak Spanish. The male resident (Olivero Aguilar-Andrade) confirmed that he has been living at that address since September 2024 with his wife. Mr. Aguilar-Andrade also reported that he has received mail for BOND in the past but that he is not aware of who BOND is.

15. BOND previously obtained a Texas Drivers License (TDL), and on it, he listed his address as 12403 Mellow Meadow Dr., Apt. 1301, Austin, Texas. BOND updated his TDL with this address on or about February 16, 2024. At the current time, law enforcement does not know where BOND is living.

## Conclusion

16. Based on the facts set forth above, I respectfully submit that there exists probable cause to charge BOND with failure to register as a sex offender in violation of 18 U.S.C. § 2250. BOND is a sex offender as defined for the purposes of the law by reason of a conviction, is required to register under the Sex Offender Registration and Notification Act, traveled in interstate commerce, and knowingly failed to register or update his registration as required by law.

I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

_____
Charles McWhinney
Deputy U.S. Marshal
United States Marshals Service

Submitted by reliable electronic means, sworn to telephonically, and signed electronically pursuant to Federal Rule of Criminal Procedure 4.1 on this __24th__ day of November, 2025.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE

Page 5